**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4336**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO MARTINEZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:09-cr-00163-GRA-5)

_____

Submitted: January 26, 2011      Decided: March 10, 2011

_____

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Antonio Martinez pled guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). Martinez was sentenced to seventy months in prison. He now appeals. His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising four issues but stating that there are no grounds for appeal. Martinez was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.

I

Martinez contends that the district court failed to comply with Fed. R. Crim. P. 11 and that there was not a factual basis for the plea. However, counsel in the <u>Anders</u> brief identifies no flaws in the Rule 11 proceeding, and our review of the record discloses that the district court fully complied with Rule 11. Further, sufficient facts supported the guilty plea. Martinez agreed with the government's summary of its case against him, which demonstrated his membership in the charged conspiracy. Further, Martinez stipulated in his plea agreement and at the Rule 11 hearing that he was responsible for at least five, but fewer than fifteen, kilograms of cocaine.

2

## II

Martinez also contends that the district court erred because it did not specifically address the 18 U.S.C. § 3553(a) (2006) sentencing factors when imposing sentence. Because Martinez did not raise this claim below, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); see also Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993) (to constitute plain error, there must be an error that is plain and that affects the defendant's substantial rights). We are not required to correct a plain error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not explicitly refer to § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within the properly calculated advisory Guidelines range. See, e.g., United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). The reasons articulated by the district court for a given sentence

3

need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration under that statute and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

According to the presentence report, Martinez's base offense level was 32. See U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(4) (2008). This was reduced by two levels pursuant to USSG § 2D1.1(b)(11). He received a three-level adjustment for acceptance of responsibility. See USSG § 3E1.1. His total offense level was 27, and his criminal history category was I, resulting in an advisory Guidelines range of 70-97 months. Although Martinez was subject to a ten-year statutory mandatory minimum, see 21 U.S.C. § 841(b)(1)(A), he received the benefit of the safety valve provision, 18 U.S.C. § 3553(f) (2006), and his Guidelines range applied. There were no objections to the presentence report.

At sentencing, the government recommended that Martinez be sentenced to seventy months in prison and advised the court that "Martinez would not challenge the reasonableness of that sentence pursuant to any of the factors set forth at 18 U.S.C. § 3553(a)."

The district court sentenced Martinez to seventy months in prison. The court stated that it had "calculated and

4

considered the advisory guidelines and the relevant statutory sentencing factors." Although the court did not make the individualized assessment required by case law, we conclude that this did not constitute plain error, especially because the sentence fell at the low end of the advisory Guidelines range.

III

Counsel next contends that defense counsel was ineffective. To allow for adequate development of the record, a defendant ordinarily must raise a claim of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion unless it conclusively appears on the face of the record that counsel provided inadequate assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). Because ineffective assistance does not conclusively appear on the face of the record, this claim lacks merit.

IV

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

5

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>